UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT LAKES PAPER STOCK
CORPORATION et al.,

        Plaintiffs,

                                      CASE NO. 13-CV-14112
v.                                  HONORABLE GEORGE CARAM STEEH

BUFFALO RECYCLING
ENTERPRISES LLC,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION
TO DISMISS OR TO TRANSFER VENUE (Doc. 9)**

This breach of contract action arises out of defendant Buffalo Recycling Enterprises' ("Buffalo Recycling") alleged failure to pay for certain goods and services in the amount of approximately $361,000. Now before the court is Buffalo Recycling's motion to dismiss for improper venue, or alternatively, to transfer to the Western District of New York pursuant to 28 U.S.C. § 1404(a). Oral argument was heard on February 5, 2013. For the reasons set forth below, Buffalo Recycling's motion shall be denied.

**I. Factual Background**

Plaintiffs are three Michigan corporations: Great Lakes Paper Stock Corporation, GLR of Huron, and GLR of New York (collectively "Plaintiffs"). Buffalo Recycling operates a multi-million dollar recycling plant in Buffalo, New York. Plaintiffs allege that Buffalo Recycling breached its agreements to pay for management services they provided to Buffalo Recycling including invoicing, payroll management, bill payment and check cutting,

reporting, banking and human resources services. Plaintiffs maintain that they provided most of these services in Michigan. Plaintiffs also seek to recover for their assumption and payment of certain debts owed by Buffalo Recycling to third-parties. Plaintiffs filed a four-count complaint alleging: (1) breach of contract, (2) unjust enrichment, (3) quantum meruit, and (4) promissory estoppel.

Buffalo Recycling operates a multi-million dollar recycling facility in Buffalo, New York. As part of those activities, Buffalo Recycling entered into an operating agreement and membership purchase agreement with individual persons, and some of those persons are owners and principals of the plaintiff-corporations, while others were members of Buffalo Recycling. None of the corporate plaintiffs themselves, however, were parties to those agreements. The agreements contain forum selection clauses establishing jurisdiction in New York courts. Specifically, the operating agreement dated September 5, 2008, establishes jurisdiction in Erie County, New York (Doc. 9, Ex. C at 9), and the membership purchase agreement dated March 3, 2011, establishes that suit must be brought in state court in the County of Niagra, New York or in the United States District Court for the Western District of New York. (Doc. 9, Ex. D at 14). Both agreements call for the application of New York law. As none of the plaintiffs were parties to the above referenced agreements, plaintiffs contend those agreements are inapplicable.

Plaintiffs contend that the contracts at issue were negotiated in Michigan, involved performance in Michigan, and all of the witnesses reside in Michigan. Buffalo Recycling, on the other hand, contends that the events giving rise to this lawsuit arise out of the formation and operation of the recycling facility in New York, defendants do not maintain a place of business in Michigan nor own property in Michigan, and its witnesses reside in

New York. Buffalo Recycling argues that venue is improper in Michigan, or in the alternative, that venue should be transferred to the United States District Court for the Western District of New York for the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404(a).

## II. Analysis

### A. Subject Matter Jurisdiction

On January 10, 2014, this court ordered plaintiffs to show cause in writing why this case should not be dismissed for lack of diversity jurisdiction, as it appeared possible that plaintiff GLR of New York maintained its principal place of business in New York which would destroy complete diversity. In their Complaint, plaintiffs identify the place of incorporation and principal place of business for each corporate plaintiff and defendant with the exception of plaintiff GLR of New York, for whom they state only: "Plaintiff GLR of New York, Inc. is a Michigan corporation, transacting business in Roseville, Michigan." (Doc. 1, ¶ 3). The New York State Department of State Business Entity Information Records identify GLR of New York's principal executive office to be located in North Tonawanda, New York. (Doc. 9, Ex. B). In Hertz Corp. v. Friend, 559 U.S. 77 (2010), the Supreme Court held that the phrase "principal place of business" as used in § 1332(c)(1) refers to a corporation's "nerve center." Id. at 92-93. Specifically, the Court explained:

> We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

Id. at 92-93. Plaintiffs filed a response to the court's show cause order, supported by affidavit, stating that Michigan is the "nerve center" as (1) its CEO, CFO, vice president, secretary and treasurer are based in and operate out of Roseville, Michigan and all are Michigan residents; (2) all corporate decision making regarding logistical and financial matters occur in Roseville, Michigan; (3) all budgeting, financial reporting, invoice approval, check cutting and signing, computer software, server, website, bank financing, legal affairs, engineering, insurance, payroll and benefits, sales support and training occur in Roseville, Michigan; and (4) all GLR of New York employees working in New York do so under the direction and control of GLR of New York's director of operations based in Roseville. Buffalo Recycling responds that GLR of New York has a manager on site in New York who retains the title "President," and that GLR of New York has employees located in New York.

Based on the record now before this court, it appears that the principal place of business of GLR of New York is in Michigan, and that this court does in fact have diversity jurisdiction. Should further factual development prove otherwise, this case may be dismissed for lack of subject matter jurisdiction at such time.

**B.     Motion to Dismiss for Improper Venue**

Buffalo Recycling has moved to dismiss on the grounds that this court lacks venue. In a diversity case, venue is determined according to 28 U.S.C. § 1391(b), which provides:

> **(b) Venue in general.**--A civil action may be brought in--
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

28 U.S.C. § 1391(b). Buffalo Recycling argues that it resides in New York where it owns a recycling plant, and thus venue lies only in New York. Plaintiffs respond that venue is proper here pursuant to § 1391(b)(2) because the cause of action arose in this district, and pursuant to § 1391(b)(1), because Buffalo Recycling resides in this district. Buffalo Recycling contends that venue lies in the Western District of New York and thus should be dismissed or transferred. Venue may lie in more than one district. Venue is proper here under § 1391(b)(2) and (b)(1). The court analyzes these two prongs for establishing venue below.

1. **Section 1391(b)(2) – Cause of Action Arises in this District**

Plaintiffs contend that a substantial part of the events or omissions giving rise to this dispute occurred in this district, thus giving rise to venue under § 1391(b)(2). Specifically, plaintiffs allege that the parties negotiated their agreement during in person meetings in Michigan for goods and services to be performed in Michigan including invoicing, payroll management, bill payment and check cutting. Buffalo Recycling has not refuted these allegations but contends that because services involved a New York recycling plant, they should be governed by New York law as required under the operating and membership purchase agreements. Plaintiff corporations were not parties to either agreement, and thus they are irrelevant to the court's analysis. Venue here is proper under § 1391(b)(2).

**2. <u>Section 1391(b)(1) – Personal Jurisdiction</u>**

Venue here is also proper under § 1391(b)(1). A corporation is deemed to "reside" in any district in which the defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(c). Plaintiffs contend that this court has personal jurisdiction over Buffalo Recycling based on Michigan's long-arm statute, MCL § 600.715(1), as the dispute arises out of acts involving the "transaction of any business within the state," and under Michigan's general personal jurisdiction statute, MCL § 600.711. In order to determine whether personal jurisdiction exists over a nonresident defendant, the court considers three factors: "[f]irst the defendant must purposefully avail [itself] of the privilege of conducting activities within the forum state; second, the cause of action must arise from the defendant's activities there; and third, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make its exercise of jurisdiction over the defendant fundamentally fair." <u>Cole v. Mileti</u>, 133 F.3d 433, 436 (6th Cir. 1998) (citations omitted).

All three elements are easily met here. Buffalo Recycling does not dispute that it traveled to Michigan numerous times for in person meetings with plaintiffs, and negotiated with plaintiffs telephonically while they resided in Michigan for contractual services to be performed in Michigan. Thus, Buffalo Recycling purposefully availed itself of the privilege of conducting business within Michigan. While Buffalo Recycling claims the services involved its New York recycling plant, it does not seriously dispute that the management services plaintiffs provided, including banking and human resource services, were rendered in Michigan. Finally, the exercise of jurisdiction here is fundamentally fair because Buffalo Recycling purposefully availed itself of this forum

and the cause of action arose directly from contractual services performed here. Under these circumstances, plaintiffs have easily shown that this court has limited personal jurisdiction over Buffalo Recycling. Id. Having shown that venue is proper in this district, both because the cause of action arises out of the activities of the parties in this forum, and because this court has at least limited personal jurisdiction over Buffalo Recycling, the court turns now to the question of whether the action should be transferred for the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404(a).

**C.      Motion to Transfer pursuant to 28 U.S.C. § 1404(a)**

Buffalo Recycling moves to transfer this case to the Western District of New York pursuant to 28 U.S.C. § 1404(a) which provides:

> **(a)** For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). "District courts have wide discretion to transfer an action under 28 U.S.C. § 1404(a) in order to prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Grand Kensington, L.L.C. v. Burger King Corp., 81 F. Supp. 2d 834, 836 (E.D. Mich. 2000) (citation omitted). However, a court "should give deference to a plaintiff's choice of venue." Id. (citation omitted). "When a defendant moves to change the forum, he must overcome the presumption that the plaintiff has chosen the proper forum." Id. (citation omitted).

In order to transfer a case to another district, the movant must first show that the case could have been brought in the transferee district. Kepler v. ITT Sheraton Corp., 860 F. Supp. 393, 398 (E.D. Mich. 1994) (citation omitted). Buffalo Recycling has easily met its burden of proving venue is proper in the Western District of New York as there is no question it "resides" in that district where it maintains its corporate offices and operates its recycling plant. 28 U.S.C. § 1391(b)(1). Once it has been determined that the case could have been filed in the transferee district, the district court considers the following factors to determine whether to transfer a case:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties, (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Overland, Inc. v. Taylor, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000) (citation omitted). The movant bears the burden of demonstrating, by a preponderance of the evidence, that "fairness and practicality strongly favor the forum to which transfer is sought." Audi AG v. D'Amato, 341 F. Supp. 2d 734, 749 (E.D. Mich. 2004) (citation omitted). Transfer is not warranted when doing so will merely shift the inconvenience from one party to another. Wayne County Employees' Retirement Sys. v. MGIC Invest. Corp., 604 F. Supp. 2d 969, 975 (E.D. Mich. 2009). The court considers each factor below.

### 1. The convenience of witnesses

Plaintiffs maintain that all of their witnesses reside in Michigan. Defendant responds that many of plaintiff's corporate officers traveled to New York in connection with the operation of the recycling facility, and that its witnesses reside in New York.

-8-

The fact that plaintiffs' owners traveled to New York with some frequency does not mean that New York would be a convenient forum for them when they have made their homes in Michigan. This factor appears neutral.

### 2. The location of relevant documents and the relative ease of access to sources of proof

Plaintiffs posit that their documents are located in Michigan while Buffalo Recycling posits that its records are located in New York. Buffalo Recycling also argues this factor favors transfer because plaintiffs have a related corporation, North Tonawanda, whose operations are located in Buffalo, New York. North Tonawanda is not a party to this lawsuit, and Buffalo Recycling has not shown how its corporate records are relevant to the instant dispute. Given the ease by which documents may be transferred by e-mail and otherwise, this factor appears neutral.

### 3. The convenience of the parties

Plaintiffs argue that it will be convenient for representatives of Buffalo Recycling to travel to Michigan as they did so to arrange for goods and services in the contracts at issue here. Buffalo Recycling argues that it will be convenient for representatives of plaintiffs to travel to New York as they did so many times to visit their recycling plant. Once again, this factor appears neutral.

### 4. The locus of the operative facts

Plaintiffs contend that the source of the dispute is Michigan where the goods and services were to be provided. Buffalo Recycling, on the other hand, contends that the situs of the dispute is New York where the recycling plant was located. Viewing the facts in the light most favorable to the plaintiffs, this factor appears neutral.

### 5. **The availability of process to compel the attendance of unwilling witnesses**

Buffalo Recycling contends that its employees and third-party vendors are located in New York and thus, New York subpoenas would be required to secure the testimony of unwilling witnesses.  Plaintiffs respond that procedures exist within the federal system to compel unwilling witnesses to appear and, in any event, nothing suggests Buffalo Recycling's witnesses will be recalcitrant.  This factor favors transfer.

### 6. **The relative means of the parties**

Buffalo Recycling maintains that it is a new struggling business, while plaintiffs are long established businesses.  Plaintiffs respond that Buffalo Recycling is operating a $14 million recycling facility while they are merely three small Michigan corporations struggling because Buffalo Recycling has failed to pay them for services rendered.  This factor appears neutral.

### 7. **The forum's familiarity with the governing law**

Buffalo Recycling argues that New York law applies based on the operating and member purchase agreements.  Plaintiffs were not parties to those agreements.  While some of the owners of plaintiff corporations were signatories on those agreements, a corporation is recognized by the law as a separate entity and it is for this very reason, that parties incorporate.  Even if New York law were to apply, this is a straightforward breach of contract case.  Buffalo Recycling has not shown that there is anything unique about New York contract law that would make it difficult for this court to adjudicate the instant dispute.  This factor appears neutral.

### 8. The weight accorded the plaintiff's choice of forum

Buffalo Recycling argues that plaintiffs' choice of forum should not be given any deference because the operating and membership purchase agreements contain forum selection clauses calling for jurisdiction solely in New York. Those agreements are irrelevant; however, as they are not the basis for plaintiffs' breach of contract claims here, and the corporate plaintiffs were not parties to those agreements. "[A] plaintiff's choice of forum will be given substantial deference." D'Amato, 341 F. Supp. 2d at 749-50. This factor weighs against transfer.

### 9. Trial efficiency and the interests of justice, based on the totality of the circumstances.

Buffalo Recycling states, "[i]n the event the Defendant brings third party cross claims against the owners of Plaintiffs, judicial economy, the convenient administration of justice and the interest to avoid inconsistent outcomes in different forums all favor transfer of this case to New York." It is unclear how cross-claims would involve a different forum, but if Buffalo Recycling means that it anticipates filing a related case in New York, the issue of transfer of venue of either suit to the other forum could be addressed at such a time as the issue becomes ripe. On balance, nothing suggests that transfer at this juncture would serve the interests of trial efficiency or other interests of justice. "The balance of convenience, considering all the relevant factors should be strongly in favor of a transfer before such will be granted." Jamhour v. Scottsdale Ins. Co., 211 F. Supp. 2d 941, 946 (S.D. Ohio 2002). As of this date, Buffalo Recycling has failed to meet its burden here. Discovery may affect this analysis if litigation in New

York and putative claims and defenses in this court overlap posing risks to the efficient, fair administration of this case that currently do not exist.

## CONCLUSION

For the reasons stated above, Buffalo Recycling's motion to dismiss for improper venue or to transfer venue (Doc. 9) hereby is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED**.

Dated:  February 6, 2014

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 6, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---